UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

APPLEWOOD LOG HOME
SALES, LLC,

    Plaintiff/Counterclaim Defendant,      Case No. 3:21-cv-28

vs.

ROBERT RUSSELL,      District Judge Michael J. Newman
    Magistrate Judge Sharon L. Ovington

    Defendant/Counterclaim Plaintiff.

---

**ORDER: (1) REMANDING THIS CASE TO THE MONTGOMERY COUNTY, OHIO MUNICIPAL COURT; (2) DENYING AS MOOT ALL PENDING MOTIONS (Doc. No. 12, 13, 15); AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff/counterclaim Defendant Applewood Log Home Sales, LLC ("Applewood") sells materials for building log homes. Doc. No. 4 at PageID 131. Applewood leases certain property containing model homes in Brookville, Ohio. *Id*. at 132. Defendant/counterclaim plaintiff Robert Russell ("Russell") resides in a one of these model homes and has also worked for Applewood. (Russell has apparently "filled [a nearby barn] with his belongings." *Id*.)

Applewood initiated this case against Russell in the Montgomery County, Ohio Municipal Court seeking to recover unpaid rent and utilities as well as reimbursement for any damage Russell may have caused the property. *Id*. at 134. Russell removed the case this Court (Doc. No. 1) based on federal question jurisdiction and diversity jurisdiction. Doc. No. 6; *see* 28 U.S.C. §§ 1331-32.

The case is now pending upon the parties' responses to the Court's Order to Show Cause, which required Russell to address why this case should not be remanded to state court for lack of jurisdiction. Doc. Nos. 5, 7, 8. Additional pending matters include Russell's amended counterclaim (Doc. No. 6), Russell's motion to bifurcate claims and/or remand eviction back to

municipal court (Doc. No. 12), Applewood's motion to strike (Doc. No. 13), Russell's reply (Doc. No. 14), and Applewood's request for a decision (Doc. No. 15). The parties have fully briefed the issues, so this case is now ripe for review.

## I.

The party seeking removal of a case from state court -- here, Russell -- carries the burden to show this Court has original subject matter jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). When the notice of removal is deficient, a district court is required to remand the case even absent a motion to remand. *See Vill. of Camden, Ohio v. Cargill, Inc*, No. 3:20cv273, 2021 WL 1940235, at *1 (S.D. Ohio May 14, 2021) (and cases cited therein).

Russell contends that removal of this case from state court was proper because this Court has original federal question jurisdiction under 28 U.S.C. § 1331. Doc. No. 7 at PageID 208. Russell correctly acknowledges that Applewood did not raise a federal claim in its Complaint. Doc. No. 7 at PageID 208; *see* Doc. No. 4 at PageID 132-34. This would ordinarily end the issue because "[f]ederal question jurisdiction under … § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Russell seeks to overcome this problem by relying on his federal counterclaim, which asserts Applewood failed to pay him minimum wage and overtime in violation of his rights under the Fair Labor Standards Act ("FLSA"). Doc. No. 7 at PageID 208-09. Russell again

encounters a jurisdiction problem here because "[i]t is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction ....'" *Chase Manhattan*, 507 F.3d at 914 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

This leaves Russell with a narrowly read category of federal question jurisdiction: "State laws that implicate a 'substantial question of federal law' … open the door into federal court." *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1014 (6th Cir. 2018) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). Russell may avoid remand to state court if Applewood's complaint seeks "'the vindication of a right under state law [that] necessarily turn[s] on some construction of federal law.'" *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (quoting *Franchise Tax Bd. v. Constr. Lab. Vacation Trust,* 463 U.S. 1, 9 (1983)). A three-part analysis applies: "(1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 568 (citing *Grable*, 545 U.S. at 314).

Russell argues his FLSA counterclaim constitutes an actually disputed and substantial question of federal law. Doc. No. 7 at PageID 209. This contention lacks merit under the required three-part analysis. *See Mikulski*, 501 F.3d at 568. First, the state law claims in Applewood's complaint -- seeking unpaid rent and utilities, as well as reimbursement for any damage Russell may have caused the property -- are purely matters of Ohio contract or tort law, and do not necessitate resolution of an FLSA issue. *See, e.g., Funderwhite v. Joint Apprenticeship & Training Comm. of Cleveland Journeymen Plumbers Loc. No. 55*, 196 F. Supp. 3d 757, 763–64 (N.D. Ohio 2016), *aff'd Funderwhite v. Loc. 55, United Ass'n*, 702 F. App'x 308 (6th Cir. 2017) (finding no disputed federal issue where case turned on interpretation of Ohio contract law). Second, neither

3

the FLSA nor its minimum-wage and overtime-pay policies form a substantial or underlying part of Applewood's state contract and tort claims. *See Fracasse v. People's United Bank,* 747 F.3d 141, 145 (2d Cir. 2014) (declining to exercise federal question jurisdiction over state law claims based on public policy articulated in the FLSA because "[t]he FLSA needs no interpretation in connection with the state tort claims that have been pled").  Third, declining to hear Russell's FLSA counterclaim does not disturb the balance between state and federal judicial responsibilities because Congress specified that FLSA claims for unpaid minimum wages and overtime pay can be maintained "'against an employer … in any Federal or State court of competent jurisdiction ….'" 29 U.S.C. § 216(b)).

Accordingly, Russell has not met his burden of demonstrating that removal was proper based on federal question jurisdiction. *See Long*, 201 F.3d at 757 (party removing case from state court carries the burden to show federal court has original subject matter jurisdiction).

## II.

Russell also argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because he is an Ohio resident while Applewood is a Colorado limited liability company and Applewood's owners and members are not Ohio residents. Doc. No. 7 at PageID 207.  This, however, overlooks that a defendant sued in state court may not remove a case based on diversity jurisdiction when it "is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2). Russell is an Ohio resident, and he relies on this to demonstrate that there is complete diversity of citizenship between the parties. Doc. No. 7 at PageID 207-08.  Consequently, Russell effectively acknowledges he is an Ohio citizen.  As such, he may not remove the case from a municipal court in Ohio. *See* 28 U.S.C. § 1441(b)(2); *see also Lattimer v. Nationwide Mut. Ins. Co.*, No. 3:20cv28, 2020 WL 5810005, at *3 (S.D. Ohio September 20, 2020) ("[E]ven if there is

complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal" (first citing 28 U.S.C. § 1441(b); and then citing *Gilbert v. Choo-Choo Partners II, LLC*, No. 1:05-cv-99, 2005 WL 1719907, at *1 (E.D. Tenn. July 22, 2005))).

### III.

The Court lacks original subject matter jurisdiction over this case and, consequently, **ORDERS** that: (1) this case is **REMANDED** to the Montgomery County, Ohio Municipal Court; (2) all pending motions (Doc. Nos. 12, 13, 15) are **DENIED AS MOOT**; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

November 12, 2021                                             s/Michael J. Newman
                                                                                  Hon. Michael J. Newman
                                                                                  United States District Judge